**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                                      **NO. 23-271**

**RONALD TAYLOR**                                    **SECTION D (3)**

### <u>ORDER and REASONS</u>

Before the Court is a letter from defendant, Ronald Taylor, that was received by the Court on July 21, 2025.[1]  In the letter, Taylor requests a sentence reduction based upon an Executive Order issued by President Donald J. Trump, which Taylor "discovered as of May 5, 2025."[2]  The Court construes the letter as a Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).[3]  On July 24, 2025, the Court issued an Order requiring the United States Attorney for the Eastern District of Louisiana to file a response setting forth the Government's position regarding Taylor's Motion.[4]  The Government timely filed a Response, asserting that the Motion should be denied because there is no Executive Order that supports Taylor's request for a sentence reduction and because Taylor is not entitled to relief

---

[1] R. Doc. 53.

[2] *Id.* at p. 1.

[3] Taylor does not appear to seek relief pursuant to 18 U.S.C. § 3582(c)(2), which allows the Court to modify a term of imprisonment when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." Taylor was sentenced on October 1, 2024 for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).  R. Docs. 48 & 49. The Sentencing Commission has not lowered the sentencing range for that crime since October 2024.

[4] R. Doc. 54.

under § 3582(c)(1)(A).[5]  After careful consideration of the Motion, the Government's Opposition brief, and the applicable law, the Motion is **DENIED.**

## I.  FACTS AND PROCEDURAL HISTORY

On December 8, 2023, Ronald Taylor was charged in a one-count indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[6]  Taylor entered a guilty plea to the one-count indictment on May 16, 2024.[7]  On July 29, 2024, the Court notified Taylor that it was contemplating an upward variance based upon the sentencing factors set forth in 18 U.S.C. § 3553(a).[8]  On October 1, 2024, Taylor was sentenced to 82 months' imprisonment and 3 years of supervised release.[9]  While Taylor's sentencing guideline range was 37 to 46 months, the Court determined that an upward variance was warranted for the reasons stated on the record.[10]  Specifically, the Court found an upward variance was warranted based upon Taylor's criminal history, which reflects a lack of respect for the law, and to reflect the seriousness of the crime and afford adequate deterrence to criminal conduct.  Taylor is serving his sentence at United States Penitentiary Federal Correctional Complex in Coleman, Florida, and his expected release date is August 19, 2029.[11]

Taylor filed the instant Motion on July 21, 2025, asserting that, "I discovered as of May 5, 2025 President 'Trump' issued an Executive Order 'retroactive [sic] in

---

[5] R. Doc. 55.
[6] R. Doc. 1.
[7] R. Doc. 28.
[8] R. Doc. 36.
[9] R. Doc. 49.
[10] R. Doc. 48.
[11] *See* https://perma.cc/FX5T-BYZT (Inmate Locator, Federal Bureau of Prisons).

regards of the 922(g)(1) possession of a firearm by a convicted felon charge," and that, "[t]he said order applies to me."[12]  Taylor further asserts that pursuant to this order, "anyone who was convicted of being a felon in possession of a firearm without any predicate offenses is entitle [sic] to relief and sentence reduction," and Taylor asks this Court "to reduce 'Ronald Taylor' down to a guideline sentence or the lowest permissible sentence possible."[13]

At the Court's request,[14] the Government filed a Response to Taylor's Motion to Reduce Sentence.[15]  The Government asserts that after reviewing the list of Executive Orders on the White House webpage, it found only two orders issued on May 5, 2025, neither of which pertains to 18 U.S.C. § 922(g) or to sentencing reductions more generally.[16]  The Government claims that it also reviewed Executive Orders issued around that date and found nothing on point.[17]  The Government further asserts that, to the extent Taylor's Motion is construed as a motion to reduce his sentence under 18 U.S.C. § 3582, the Motion should be denied because Taylor has not exhausted his administrative remedies, nor has Taylor shown that "extraordinary and compelling reasons warrant such a reduction," both of which are required by § 3582(c)(1)(A)(i).[18]

---

[12] R. Doc. 53 at p. 1.
[13] *Id.*
[14] R. Doc. 54.
[15] R. Doc. 55.
[16] *Id.* at p. 1.
[17] *Id.*
[18] *Id.* at p. 2.

While the Court gave Taylor until September 12, 2025 to file a Reply memorandum in further support of his Motion,[19] Taylor has not filed a Reply brief.

## II.   LAW AND ANALYSIS

Before reaching the merits of Taylor's request, the Court notes that Taylor is proceeding *pro se* and, as instructed by the Fifth Circuit, this Court gives *pro se* briefs a liberal construction.[20]  Even under a liberal construction, however, the Court finds that Taylor has failed to show that a sentence reduction is appropriate in this case.

### A. Taylor Failed to Identify an Executive Order That Supports His Request for a Sentence Reduction.

While Taylor seems to request a sentence reduction based upon an Executive Order that he "discovered as of May 5, 2025," the Court is unable to locate an Executive Order issued around that time that supports Taylor's request.  President Trump signed 142 Executive Orders in the first 100 days of his second term, or by April 30, 2025.[21]  After conducting an exhaustive search, the Court has not found any Executive Orders issued during that time that would support Taylor's request for a sentence reduction.  The Government correctly points out that two Executive Orders were signed on May 5, 2025, entitled "Improving the Safety and Security of Biological Research" and "Regulatory Relief to Promote Domestic Production of Critical Medicines."[22]  Neither of these orders address sentence reductions.  While there is a

---

[19] R. Doc. 54.

[20] *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012) (citing *Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 604 (5th Cir. 2008)).

[21] *See* https://perma.cc/JXP3-L8KX ("Trump sets executive order record in his first 100 days" – CBS News).

[22] *See* https://perma.cc/7QQ6-MZXD (List of Executive Orders from the White House's website).

May 9, 2025 Executive Order entitled, "Fighting Overcriminalization in Federal Regulations," it does not concern sentence reductions or the felon in possession statute, 18 U.S.C. § 922(g)(1).[23]   As such, the Court finds that Taylor has failed to demonstrate that a sentence reduction is appropriate based upon an Executive Order issued at or around May 5, 2025.

### B. Taylor Failed to Exhaust His Administrative Remedies Pursuant to 18 U.S.C. § 3582(c)(1)(A).

Generally, federal courts "may not modify a term of imprisonment once it has been imposed."[24]   As explained by the Fifth Circuit, "[p]rior to the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), federal courts lacked the power to adjudicate motions for compassionate release."[25]   Now, however, a court "may reduce the term of imprisonment" upon the request of a defendant under 18 U.S.C. § 3582(c).[26]   Section 3582(c)(1) provides, in pertinent part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the Warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that —
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to  a

---

[23] *See* https://perma.cc/774B-5H84 (Executive Order "Fighting Overcriminalization in Federal Regulations").

[24] 18 U.S.C. § 3582(c).

[25] *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020).

[26] 18 U.S.C. § 3582(c)(1)(A) & (2).

sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .[27]

The Fifth Circuit has made clear that the exhaustion requirement in § 3582(c)(1)(A) is mandatory and that a defendant must first file a request with the Bureau of Prisons before petitioning a court for compassionate release.[28]

Here, Taylor has failed to provide any information indicating that he exhausted his administrative remedies prior to filing the instant Motion.  Taylor has not produced any documentation from the United States Penitentiary Federal Correctional Complex in Coleman, Florida showing that he submitted a request to the Warden for a sentence reduction.  As such, there is no evidence before the Court that Taylor has satisfied the exhaustion requirement for relief under § 3582(c)(1)(A).  The Court finds that Taylor has failed to demonstrate that he has exhausted his administrative remedies, as required to obtain relief under 18 U.S.C. § 3582(c)(1)(A).

---

[27] 18 U.S.C. § 3582(c)(1)(A).

[28] *Franco*, 973 F.3d at 468 (citing *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Springer*, 820 Fed.Appx. 788, 790–92 (10th Cir. 2020)).

### C. Taylor Failed to Show Extraordinary and Compelling Reasons Warrant a Sentence Reduction.

In addition to finding that Taylor failed to exhaust his administrative remedies, the Court also finds that Taylor has failed to present any "extraordinary and compelling reasons" that would warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).[29]   Under § 3582(c)(1)(A), the Court may only reduce a term of imprisonment when it finds that: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) the defendant is at least 70 years old, has served at least 30 years in prison for the offense or offenses for which he is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community.[30] Because Taylor is under 70 years old,[31] he must show that "extraordinary and compelling reasons" warrant a sentence reduction.  Additionally, the Court must find that, "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[32]

The United States Sentencing Guidelines identify six circumstances under which "extraordinary and compelling reasons" exist to warrant a sentence reduction: (1) a "terminal illness" or a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" (2) the age of the defendant,

---

[29] 18 U.S.C. § 3582(c)(1)(A)(i).
[30] 18 U.S.C. § 3582(c)(1)(A)(i) & (ii).
[31] R. Doc. 34 at p. 4.
[32] 18 U.S.C. § 3582(c)(1)(A).

specifically, the defendant must be at least 65 years old, experiencing a serious deterioration in physical or mental health because of the aging process, and he or she must have served at least 10 years or 75% of his or her term of imprisonment, whichever is less; (3) family circumstances, including the death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a mental condition, the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner, the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent, or the defendant establishes that similar circumstances exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member and the defendant would be the only available caregiver for such family member or individual; (4) the defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of: (a) sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2); or (b) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 of the United States Sentencing Guidelines; (5) any other circumstance or combination of circumstances that, when considered by themselves or together with any of the four prior examples, are similar in gravity to those described therein; and (6) if the defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment and there was a change in the law (other than an amendment to the Guidelines

Manual that has not been made retroactive), but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.[33]

Here, Taylor's Motion does not mention his age, family circumstances, a terminal illness, abuse, an unusually long sentence, or any other example of "extraordinary and compelling reasons" set forth in United States Sentencing Guideline § 1B1.13 that would support a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).  Instead, Taylor asserts that a sentence reduction is appropriate under an Executive Order purportedly issued at some time before May 5, 2025.  As such, the Court finds that Taylor has failed to show that extraordinary and compelling reasons warrant a sentence reduction in this case at this time.

### D. The Armed Career Criminal Act Does Not Support a Sentence Reduction.

Taylor asserts in his Motion that, based upon an Executive Order issued by President Trump, "anyone who was convicted of being a felon in possession of a firearm without any predicate offenses is entitle [sic] to relief and sentence reduction."[34]  Liberally construing Taylor's Motion, it appears that he may be asserting that he erroneously received a sentencing enhancement under 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act ("ACCA"), because there were no predicate offenses to support the enhancement.  The Court rejects that argument as meritless.

---

[33] *See*, U.S.S.G. § 1B1.13.
[34] R. Doc. 53 at p. 1.

On December 8, 2023, Taylor was charged in a one-count indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[35]  At the time Taylor was indicted, § 924(a)(8) provided that the statutory maximum sentence for a violation of § 922(g)(1) was 15 years' imprisonment.[36]  The Court sentenced Taylor to 82 months' imprisonment pursuant to §§ 922(g)(1) and 924(a)(8), which was an upward variance from the advisory guideline imprisonment range.[37]  Under the ACCA, which is set forth in 18 U.S.C. § 924(e)(1), "a defendant convicted under § 922(g)(1) is subject to an enhanced punishment if she has three or more prior convictions for violent felonies or serious drug offenses committed on occasions different from one another."[38]  Because Taylor was sentenced pursuant to 18 U.S.C. § 924(a)(8), and did not receive a sentence enhancement under § 924(e)(1), the Court finds that Taylor is not entitled to a sentence reduction based upon the erroneous application of the Armed Career Criminal Act.

### III.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Ronald Taylor's

---

[35] R. Doc. 1.

[36] 18 U.S.C. § 924(a).  *See United States v. Butler*, 122 F.4th 584, 588, n.3 (5th Cir. 2024) (noting that, "In June 2022, . . . Congress passed the Bipartisan Safer Communities Act, which increased the maximum penalty for a violation of § 922(g)(1) from 10 years to 15 years' imprisonment and moved the statutory maximum provision to § 924(a)(8).  *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022); *see also* 18 U.S.C. § 924(a)(8).").

[37] R. Doc. 49.

[38] *Butler*, 122 F.4th at 588 (*quoting* 18 U.S.C. § 924(e)(1)) (citation modified).

Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)[39] is

**DENIED**.

    New Orleans, Louisiana, April 16, 2026.

 

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[39] R. Doc. 53.